Filed
9/11/2017 3:41 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Brandy Worthington

NO. **17-DCV-244814**

| | | |
|---|---|---|
| AMANDA J. PERCHES<br>Plaintiff, | § § § | IN THE DISTRICT COURT<br>Fort Bend County - 240th Judicial District Court |
| V. | § § | _____ JUDICIAL DISTRICT |
| SAFECO INSURANCE COMPANY OF INDIANA<br>Defendant. | § § § § | OF FORT BEND COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Amanda J. Perches, hereinafter called Plaintiff, complaining of and about Safeco Insurance Company of Indiana, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Amanda J. Perches, is an Individual whose address is 7519 Foster Creek Dr., Richmond, Texas 77406.

3. The last three numbers of Amanda J. Perches's driver's license number are 713. The last three numbers of Amanda J. Perches's social security number are 086.

4. Defendant Safeco Insurance Company of Indiana (hereinafter sometimes referred to simply as "Safeco"), a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company, at 211 E. 7th St., Austin, Travis County, Texas, its registered office. Service of said Defendant as described above can be effected by personal delivery.

1

# EXHIBIT "1"

## JURISDICTION AND VENUE

5.  The subject matter in controversy is within the jurisdictional limits of this court.

6.  Plaintiff seeks:

    a.  only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

7.  This court has jurisdiction over Defendant Safeco Insurance Company of Indiana, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Safeco Insurance Company of Indiana will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.  Plaintiff would show that Defendant Safeco Insurance Company of Indiana had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

9.  Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Safeco Insurance Company of Indiana to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

10. Furthermore, Plaintiff would show that Defendant Safeco Insurance Company of Indiana engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

11.     Venue in Fort Bend County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code.

## FACTS

12.     Plaintiff is the owner of a policy of insurance issued by Defendant identified as Policy Number OY7214256 ("the Policy"). At all relevant timed Plaintiff owned the insured premises located at 7519 Foster Creek Dr., Richmond, Texas 77406 ("the Property").

13.     Safeco or its agents sold the Policy, insuring the Property, to Plaintiff. Safeco or its agents represented to Plaintiff that the Policy included, among other things, coverage damages resulting from the accidental discharge of water within the Property.

14.     On or about August 25, 2017 the Property sustained extensive damage as a result of an accidental discharge of water from two overflowing bathtubs in the home. Plaintiff submitted a claim to Safeco against the Policy for the damage to the property as Safeco assigned claim number 928389666052 to Plaintiff's claim ("the Claim").

15.     Safeco hired or assigned its agent adjuster to insect and adjust the claim. The adjuster conducted an inspection on or about September 8, 2017. The inspection and adjustment was wholly improper and substandard and yielded a complete denial of coverage of the Claim.

16.     As a result of Safeco's failure to provide full coverage to Plaintiff under the terms of the Policy, Plaintiff has suffered damages for which she sues herein.

## BREACH OF CONTRACT

17.     Safeco is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows then, that the breach of the statutory duties constitute the foundation of an intentional breach of the insurance contract between Plaintiff and Defendant.

## DECEPTIVE TRADE PRACTICES

18. Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

19. <u>Unconscionable Action or Course of Action</u>.  Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

20. <u>Unfair Claim Settlement Practices</u>.  Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(b) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and

(c) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion.

4

21. <u>Misrepresentation of Insurance Policy</u>. Defendant misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, to wit:

    (a)     making an untrue statement of material fact; and

    (b)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

22. <u>Producing Cause</u>. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

23. <u>Reliance</u>. Plaintiff would further show the acts, practices and/or omissions complained of under Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

## COMMON LAW FRAUD

24. Plaintiff further shows that Defendant made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

25. As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## ECONOMIC AND ACTUAL DAMAGES

26. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a)     Out-of-pocket expenses;

    (b)     Loss of the "benefit of the bargain."

  (c)  Costs of repairs.

  (d)  Remedial costs and/or costs of completion.

  (e)  Loss of use / reasonable expenses of temporary housing.

## MULTIPLE DAMAGES

27. Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

28. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

29. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

30. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code; and, (c) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Amanda J. Perches, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional

limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

WADLER PERCHES HUNDL & KERLICK

By:   /s/ JOHN D. PERCHES /s/
     JOHN D. PERCHES
     Texas Bar No. 0079427
     Email: rkerlick@wphk-law.com
     101 West Burleson Street
     Wharton, Texas 77488
     Tel. (979) 532-3871
     Fax. (979) 532-3508
     Attorney for Plaintiff
     Amanda J. Perches

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**



| | |
|---|---|
| | null / ALL<br>Transmittal Number: 17129098<br>Date Processed: 09/12/2017 |

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number 2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Amanda J. Perches vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, Texas |
| **Case/Reference No:** | 17-DCV-244814 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/12/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | John D. Perches<br>979-532-3871 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com


Delivered 09-12-20 17

## SERVICE FEE NOT COLLECTED BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO: **SAFECO INSURANCE COMPANY OF INDIANA**
C/O CORPORATION SERVICE COMPANY
211 E 7TH ST
AUSTIN TX 78701

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **September 11, 2017,** a default judgment may be taken against you.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **17-DCV-244814** and is styled:

**AMANDA J .PERCHES VS. SAFECO INSURANCE COMPANY OF INDIANA**

The name and address of the attorney for **PLAINTIFF** is:

**JOHN D PERCHES
WADLER PERCHES HUNDL & KERLICK
101 WEST BURLESON STREET
WHARTON TX 77488
979-532-3871**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 12th day of September, 2017.**

**ANNIE REBECCA ELLIOTT, DISTRICT CLERK
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469
Mailing Address:
301 Jackson Street
Richmond, Texas 77469

By: _(signature)_
Deputy District Clerk **KATHERINE CHAMBERS**
Telephone: **(281) 344-3959**

**SERVICE**

17-DCV-244814                          240th Judicial District Court
Amanda J .Perches vs. Safeco Insurance Company of Indiana

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.

Executed at _____, within the County of ___

_____, at ____o'clock ___M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                           (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                          (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**